**Er Cai HE, Petitioner**

v.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

John ASHCROFT *, Attorney General Respondent

No. 00–70649.

I & NS No. A76–280–051.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2001.

Decided July 17, 2001.

Before LAY **, TROTT and BERZON, Circuit Judges.

MEMORANDUM ***

Er Cai He petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA").

---

* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General, United States Department of Justice.

** The Honorable Donald W. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

I.

The parties are familiar with the facts, so we do not recite them here except as necessary to explain our decision. Mr. He's uncontradicted testimony was that he was fined in 1992 for the 1990 birth of his second child, and that his wife was forced to undergo an abortion and forcibly sterilized in 1993. Although the Immigration Judge ("IJ") found Mr. He's testimony to be incredible for several reasons, most of those reasons were specifically rejected by the BIA, which did not make an adverse credibility finding with respect to Mr. He's testimony. The basis of the BIA's dismissal of Mr. He's appeal was rather that his testimony was not *so* specific, detailed or credible that it could meet Mr. He's burden of proof without corroboration, which was lacking. While the BIA's decision regarding the weaknesses in the corroborating evidence is supported by the record, its holding that Mr. He's detailed and uncontradicted testimony alone was insufficient to establish his entitlement to asylum is not. Accordingly, we grant the petition, reverse the decision of the BIA, and remand.

II.

The BIA found that Mr. He had not met his burden of proof because his testimony was "not sufficiently detailed and plausible to meet [his] burden of proof without corroborating evidence," and that his corroborating evidence was "unreliable and insufficient to establish that his wife underwent a forced sterilization procedure." The BIA cited three cases in support of this conclusion, *Matter of H-*, 21 I & N Dec.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

337 (BIA 1996), *Matter of Dass,* 20 I & N Dec. 120 (BIA 1989), and *Matter of Mogharrabi,* 19 I & N Dec. 439 (BIA 1987), each of which stands for the proposition that certain types of claims require corroboration. *Dass,* for instance, identified one particular circumstance in which corroboration may be required:

> ... when the basis of an asylum claim becomes less focused on specific events involving the respondent personally and instead is more directed to broad allegations regarding general conditions in the respondent's country of origin, corroborative background evidence that establishes a plausible context for the persecution claim (or an explanation for the absence of such evidence) may well be essential. The more sweeping and general a claim, the clearer the need for an asylum applicant to introduce supporting evidence or to explain its absence.

*Dass,* 20 I & N Dec. at 125. This rule of law, while sensible, has no application to Mr. He's case. Mr. He testified in ample detail concerning the circumstances surrounding the events alleged to constitute persecution—namely, his fine in 1992 for having violated the one-child policy and his wife's forced abortion and sterilization in 1993.[1] His claim is not based on a "sweeping and general" claim, or on "broad allegations regarding general conditions in [his] country of origin," but on specific, detailed, and uncontradicted testimony regarding events constituting persecution of Mr. He and his wife. Such credible, direct and specific testimony is adequate to demonstrate Mr. He's eligibility for asylum. *Ladha v. I.N.S.,* 215 F.3d 889, 900 (9th Cir.2000); *Castillo v. I.N.S.,* 951 F.2d 1117,

1121 (9th Cir.1991); *Limsico v. U.S. I.N.S.,* 951 F.2d 210, 212 (9th Cir.1991).[2]

In the absence of any proper basis for finding Mr. He's testimony incredible, no reasonable factfinder could conclude other than that he was the victim of past persecution. While corroborating evidence such as a copy of the sterilization certificate would, of course, further bolster Mr. He's claim, we have held that such evidence is unnecessary in these circumstances. *See Ladha,* 215 F.3d at 901; *Aguilera–Cota v. U.S. I.N.S.,* 914 F.2d 1375, 1379 (9th Cir. 1990) ("where corroborating evidence is not available, the applicant's testimony will suffice if it is credible, persuasive, and specific").

Mr. He has established his entitlement to withholding of removal, and *a fortiori,* his eligibility for asylum. *See Vera–Valera v. INS,* 147 F.3d 1036, 1039 (9th Cir.1998); *Mendoza Perez v. U.S. I.N.S.,* 902 F.2d 760, 763 (9th Cir.1990). Accordingly, we GRANT the petition for review, REVERSE the decision of the BIA, and REMAND with instructions that Mr. He be granted withholding of removal and that the Attorney General exercise his discretion on whether Mr. He should be granted asylum.

---

1. The BIA has held that an alien whose spouse was forced to undergo an abortion or sterilization procedure can establish eligibility for asylum based on past persecution on account of political opinion, *see Matter of C–Y–Z,* 21 I & N Dec. 915 (BIA 1997), and the Service does not contend otherwise.

2. Moreover, the State Department country report provides substantial "corroborative background evidence" of the sort described in *Dass*—that is, evidence that "establishes a plausible context for the persecution claim." *Dass,* 20 I & N Dec. at 125.